IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

ATLANTIC RICHFIELD COMPANY,

               Plaintiff,

    vs.

GREGORY A. CHRISTIAN, et al.,

               Defendants.

CV 15-83-BU-BMM-JCL

FINDINGS &
RECOMMENDATIONS

Plaintiff Atlantic Richfield Company ("ARCO") brings this action for declaratory and injunctive relief seeking a determination that an environmental restoration plan proposed by the individual Defendant landowners ("Landowners") in a pending state court action is prohibited by federal law. The Landowners have filed a motion to dismiss ARCO's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b), and the parties have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Landowners' motion to dismiss for lack of subject matter jurisdiction should be granted and all other pending motions should

be denied as moot.

## I.    Background[1]

Landowners own property in Opportunity and Crackerville, Montana, near

the former Anaconda Smelter, which was operated for decades by ARCO and its

predecessors to produce copper and other metals. During the smelting process,

arsenic and lead in the ores processed by the smelter were emitted from the smelter

stack and settled on the surrounding land. The Anaconda Smelter closed in 1980,

and in 1983 the area was declared a Superfund site and placed on the national

priorities list pursuant to the Comprehensive Environmental Response,

Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq.

Landowners' properties are all located within the boundaries of the Anaconda

Smelter Superfund Site ("the Site"), which has been the subject of a lengthy

environmental cleanup effort directed by the United States Environmental

Protection Agency ("EPA").

The EPA has divided the Site into five major sections called operable units,

each of which relates to a

.different medium or geographic area for cleanup and has its own record of

---

[1] Consistent with the standards applicable to a Rule 12(b)(1) facial attack on
subject matter jurisdiction, the following facts are taken from the Complaint and
attached exhibits, the authenticity of which is not disputed.

2

decision setting forth the EPA's chosen remedy. Two of the operable units and their records of decision directly affect Landowners' properties – (1) the Community Soils Operable Unit, which applies to Landowners' residential yards, and (2) the Anaconda Regional, Water, Waste, and Soils Operable Unit, which applies to Landowners' domestic wells and pasture properties.

At EPA's direction, ARCO has been responsible for implementing the cleanup. Pursuant to the record of decision for the Community Soils Operable Unit, ARCO has sampled soil in approximately 1,740 residential yards at the Site for arsenic. For the approximately 350 residential yards with more than the EPA-established action level of arsenic, ARCO has remediated by removing soil up to a depth of 18 inches below the surface and replacing it with clean soil and sod. The EPA has determined that contamination levels in Opportunity and Crackerville are not sufficient to warrant mandatory soil testing, however, which means the record of decision requires testing only if requested by the homeowner. ARCO has tested a number of residential yards in response to homeowner requests, has performed some remediation work on two of Landowners' yards, and has pending offers to remediate additional properties belonging to Landowners.

ARCO has also performed groundwater remediation work at the Site pursuant to the record of decision for the Anaconda Regional, Water, Waste, and

3

Soils Operable Unit. ARCO has tested the domestic wells of Opportunity and Crackerville residents, including Landowners. ARCO found that only two wells on Landowners' properties had arsenic levels requiring a response action, and replaced both wells.

In April 2008, Landowners commenced an action against ARCO in Montana state district court, alleging claims for negligence, nuisance, trespass, constructive fraud, unjust enrichment, and wrongful occupation of real property. They seek property damages, including loss of real property value, damage to their interests in real property, costs of investigation and restoration of real property, loss of use and enjoyment of property, and incidental and consequential damages.

Landowners have proposed their own environmental restoration plan in support of their claim for restoration damages in the ongoing state court litigation. Their restoration plan is described in expert reports disclosed in that case, and would require soil and groundwater remediation work not contemplated by the EPA's cleanup plan. For example, Landowners' expert Dr. Richard Pleus has concluded that the EPA's arsenic risk estimate and arsenic action level are not appropriate, and recommends a lower cleanup standard. (Doc. 1-4, at 5). Expert John Kane proposes removing the entire top two feet of soil from every one of Landowners' properties, and building an 8,000 foot-long underground barrier wall

4

to address groundwater underneath Landowners' properties. (Doc. 1-4, at 24-25). Landowners estimate the total cost of their proposed restoration remedy to be between \$38 million and \$101 million. (Doc. 1-4, at 28; 23-4, at 5).

In December 2015, ARCO filed this action for declaratory and injunctive relief, seeking a determination that the Landowners' proposed restoration plan is prohibited by Section 113(h) of CERCLA, 42 U.S.C. § 9613(h) because it constitutes an impermissible "challenge" to the EPA's selected remedy for the Site. Landowners have filed a Rule 12(b) motion to dismiss ARCO's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and the parties have filed Rule 56 cross-motions for summary judgment.

Landowners move to dismiss ARCO's complaint on several grounds. First, they argue that ARCO's action for declaratory and injunctive relief should be dismissed for lack of federal question subject matter jurisdiction. Even if the Court does have subject matter jurisdiction, Landowners argue this Court should abstain from exercising jurisdiction under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) in light of the parallel proceedings in state court. Alternatively, Landowners maintain that ARCO's complaint fails to state a claim upon which relief may be granted because it was not filed within the applicable

statute of limitations. Finally, Landowners contend that ARCO's complaint fails

to state a claim for relief because their proposed restoration plan does not

constitute an impermissible "challenge" to the EPA's selected remedy under

CERCLA § 113(h). The parties have also filed cross-motions for summary

judgment on the question of whether Landowners' proposed restoration plan

constitutes an impermissible "challenge" to the CERCLA cleanup at the Site in

violation of § 113(h).

Because it presents a threshold issue and is dispositive of this entire case,

the Court begins with Landowners' motion to dismiss for lack of subject matter

jurisdiction.

## II.    **Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

challenges the court's subject matter jurisdiction over the claims asserted. "Once

challenged, the party asserting subject matter jurisdiction has the burden of

proving its existence." *Rattlesnake Coalition v. United States Environmental

Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9ᵗʰ Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of

jurisdiction either as a facial challenge to the allegations of a pleading, or as a

substantive challenge to the facts underlying the allegations. *Savage v. Glendale*

6

*Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The success of a facial challenge to jurisdiction depends on the allegations in the complaint, and does not involve the resolution of a factual dispute. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it must "draw all reasonable inferences in [plaintiff's] favor." *Wolfe*, 392 F.3d at 362.

Even in a facial challenge, however, the court may look beyond the face of the pleadings and consider "exhibits attached to the complaint, matters that subject to judicial notice, [and] documents necessarily relied on by the complaint and whose authenticity no party questions." *Bautista-Perez v. Holder*, 681 F.Supp.2d 1083, 1087 (N.D. Cal. 2009) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). *See also Barron v. Riech*, 13 F.3d 1370, 1377 (9th Cir. 1994).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such a factual attack, the court "may review evidence beyond the complaint without converting the motion to

7

dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

## III.   <u>Discussion</u>

ARCO brings this action pursuant to the Declaratory Judgment Act (the "Act"), which provides that federal courts "may declare the rights and other legal relations of any interested party" in a declaratory judgment action. 28 U.S.C. § 2201(a). As the Act's permissive language makes clear, whether to exercise jurisdiction over a declaratory judgment action "is committed to the sound discretion of the federal district courts." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002). While the Act gives federal courts the remedial power to award declaratory relief, it does not confer jurisdiction, "which must properly exist independent of the [Act]." *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011). ARCO's complaint invokes both federal question and diversity as an independent basis for subject matter jurisdiction.

Landowners' argument that this Court lacks an independent basis for subject matter jurisdiction over ARCO's claims for declaratory and injunctive relief is twofold. First, they point to an order remanding a prior removal action by ARCO and argue the question of subject matter jurisdiction has already been

8

resolved in their favor. Second, Landowners maintain the fact that ARCO has raised CERCLA § 113(h) as an affirmative defense in the state court action is insufficient to confer federal question jurisdiction.

Landowners' first argument is easily disposed of. Shortly after Landowners initiated their state court action in April 2008, ARCO removed the case to the Billings Division of this court based on fraudulent joinder of non-diverse parties and the federal officer removal statute. In December 2008, United States District Court Judge Richard F. Cebull concluded that ARCO had not met its burden of establishing removal jurisdiction and issued an order remanding the case to state court. (Doc. 15-7).

Citing Judge Cebull's order, Landowners maintain the Court has already determined that it does not have subject matter jurisdiction over their state law claims and ARCO is now seeking "a second bite at the apple." (Doc. 15, at 14). But the jurisdictional issues before the Court on ARCO's removal were entirely different than those raised here. ARCO did not invoke federal question jurisdiction as a basis for removing Landowners' state court claims, and the Court did not address federal question jurisdiction in its remand order. Even now, ARCO does not assert that Landowners' state law claims are subject to federal question jurisdiction. Instead, as ARCO narrowly frames it, the federal question

9

presented by this declaratory judgment action is whether Landowners' proposed restoration plan constitutes an impermissible challenge to an ongoing CERCLA cleanup action in violation of CERCLA § 113(h). Judge Cebull's December 2008 remand order has nothing to do with whether this Court has federal question subject matter jurisdiction over ARCO's declaratory judgment action.

The second component of Landowners' argument that subject matter jurisdiction is lacking presents a somewhat more difficult question. Landowners note that ARCO has raised CERCLA § 113(h) as an affirmative defense to their claims in the state court action, including their claim for restoration damages. (Doc. 15-9). Citing the well-established principle that a defendant cannot create federal jurisdiction by raising federal law as a defense to state law claims,[2] Landowners argue the fact that ARCO has raised CERCLA § 113(h) as an affirmative defense to their claim for restoration damages in state court is insufficient to confer federal question jurisdiction subject matter jurisdiction over this declaratory judgment action.

ARCO agrees that a defendant cannot create federal jurisdiction by raising federal law as a defense to state law claims, but argues that rule has no application

---

[2] *See e.g. ARCO Environmental Remediation LLC v. Dep't of Health & Environmental Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

here. The rule typically applies in removal cases where a defendant seeks to establish federal question jurisdiction based on an affirmative defense raised in the removed state court action. ARCO points out that it is not removing Landowners' state law claims to federal court, and maintains it is not attempting to establish subject matter jurisdiction over those claims based on an affirmative defense. ARCO has instead filed this case as the plaintiff advancing its own claims for declaratory and injunctive relief under the Act. ARCO explains that it is not seeking a declaratory judgment on any of Landowners' state law claims, and asks only that the Court consider the narrowly tailored question of whether Landowners' proposed restoration plan violates CERCLA § 113(h). ARCO emphasizes that it will be up to the state court to determine how a ruling on the narrow issue presented here affects Landowners' state law claims.

Federal district courts have "exclusive original jurisdiction over all controversies arising under" CERCLA. 42 U.S.C. § 9613(b). CERCLA § 113(h) postpones the exercise of that jurisdiction over challenges to ongoing CERCLA cleanup actions. 42 U.S.C. § 9613(h); see also *Razore v. Tulalip Tribes of Washington*, n66 F.3d 236 (9th Cir. 1995); *McClellan Ecological Seepage Situation v. Perry*, 47 F.3d 325 (9th Cir. 1995). ARCO's complaint alleges that Landowners' proposed restoration plan constitutes an impermissible "challenge"

11

to ongoing cleanup activities at the Site, in violation CERCLA § 113(h). Standing alone, this would present a federal question because it calls for interpreting the meaning of a federal statute. See 28 U.S.C. § 1331(a) (a federal question is one that "arises under the Constitution, laws, or treaties of the United States."). On its face, then, ARCO's complaint arguably raises a federal question over which this Court would have subject matter jurisdiction.

But the Ninth Circuit has made clear that "[a] declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim bought by the declaratory judgment defendant in state court." *Alton Box Board Co. v. Esprit De. Corp.*, 682 F.2d 1267, 1274 (9th Cir. 1982); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The defendant in *Alton Box* brought a state court action against several corrugated container manufacturers, alleging state antitrust law violations. *Alton Box*, 682 F.2d at 1269. The manufacturers then filed a declaratory judgment action in federal court, seeking a declaratory judgment that federal law preempted the defendant's state antitrust claims. *Alton Box*, 682 F.2d at 1270. The Ninth Circuit held that the manufacturers' complaint did not raise a federal question for purposes of establishing subject matter jurisdiction because the federal preemption issue raised

12

was a defense to enforcement of the state law antitrust claim, "a claim which manifestly arises under state law." *Alton Box*, 682 F.2d at 1274. The Ninth Circuit explained that "[a] claim does not arise under federal law within the meaning of [the federal question jurisdiction statute] where it relies on federal law only to establish an immunity or defense which would preclude the declaratory judgment defendant from successfully litigating against the declaratory judgment plaintiff a claim arising under state law." *Alton Box*, 682 F.2d at 1274.

Under *Skelly Oil* and *Alton Box*, federal question jurisdiction is lacking if, but for the availability of the federal declaratory judgment procedure, a federal claim would arise only as a defense to a state-created cause of action. "As a corollary to this principle, a federal court may exercise jurisdiction over a declaratory judgment action only if the declaratory judgment defendant could have brought an affirmative claim for relief arising under federal law." *Burley v. OneWest Bank, FSB*, 2014 WL 4244026 *3 (9th Cir. Aug 26, 2014) (*citing Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 16-19 (1983); *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985)). In other words, if "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then [the federal court] has jurisdiction notwithstanding the declaratory

13

judgment plaintiff's assertion of a federal defense." *Janakes*, 768 F.2d at 1093. The coercive action "must arise under federal law, and not be based merely on diversity of citizenship or another, nonsubstantive jurisdictional statute." *Janakes*, 768 F.2d at 1093.

Here, but for ARCO's declaratory judgment action, a federal question regarding application of § 113(h) would arise only as a defense to Landowners' claim for restoration damages. Landowners' affirmative claim for restoration damages is a state common law claim, and does not arise under federal law. ARCO's carefully crafted claim for declaratory relief is nothing more than an attempt on ARCO's part to circumvent the rule that raising a federal defense to a state law claim is not sufficient for purposes of establishing federal question jurisdiction. Under Ninth Circuit authority, ARCO's claims for declaratory and injunctive relief cannot be characterized as affirmative federal claims and do not raise a federal question over which this Court can exercise jurisdiction.

Thus, it will be for the state court to decide whether the restoration plan Landowners have proposed in support of their state law claim for restoration damages constitutes an impermissible challenge to ongoing CERCLA cleanup activities at the Site in violation of § 113(h). While ARCO may believe this Court is in a better position to make that determination, it does not dispute that the state

14

court has jurisdiction to do so. In fact, ARCO itself has placed the issue squarely before the state court, first by pleading CERCLA § 113(h) as an affirmative defense to Landowners' state law claims, and more recently by moving for summary judgment on the ground that Landowners' proposed restoration plan is an impermissible challenge to the cleanup effort in violation of § 113(h).

Even assuming federal question subject matter jurisdiction is lacking, ARCO argues Landowners' motion to dismiss should be denied because the Court has subject matter jurisdiction based on diversity of citizenship. Landowners do not dispute that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, which would ordinarily be sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Landowners nonetheless argue that the diversity statute is inapplicable because there is no state law cause of action that would allow ARCO to sue Landowners seeking a declaration that their restoration plan is an impermissible challenge to an ongoing CERCLA cleanup in violation of § 113(h).

Landowners are correct. Although the jurisdictional bases of diversity and federal question jurisdiction are not mutually exclusive, such dual jurisdiction does not exist here. A federal court exercising diversity jurisdiction is "in effect, sitting as a state court." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465

(1967).  Although ARCO invokes the Court's diversity jurisdiction, its declaratory

judgment action does not present any state law claims.  Because there are no state

law claims, this Court cannot exercise diversity jurisdiction over a case in which

only a federal claim for relief is identified as the basis for jurisdiction.

## IV.   <u>Conclusion</u>

For the reasons set forth above,

IT IS RECOMMENDED that Landowners' motion to dismiss for lack of

subject matter jurisdiction be GRANTED and the parties' cross-motions for

summary judgment be DENIED AS MOOT.

DATED this 8th day of July, 2016

Jeremiah C. Lynch
United States Magistrate Judge